**'07 CIV 7407**

**JUDGE BUCHWALD**

**William C. Rand, Esq.** (WR-7685)
LAW OFFICE OF WILLIAM COUDERT RAND
711 Third Ave., Suite 1505
New York, New York  10017
(Phone) (212) 286-1425; (Fax)(212) 599-7909
Co-counsel
**Jeffrey M. Gottlieb, Esq.** (JG-7905)
Berger & Gottlieb
150 East 18th Street, Suite PHR
New York, New York 10003
Tel: (212) 228-9795
Attorneys for Plaintiffs



RECEIVED
AUG 21 2007
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

DANIEL FELDER, Individually                          :
and on Behalf of All Other                           :
Persons Similarly Situated,                          :
                                                     :
                          Plaintiffs,                :
                                                     :       **COMPLAINT AND JURY**
                                                     :       **DEMAND**
            -against-                                :
                                                     :
YANKEE SECURITY INC., KIT PETERS                     :
And JOHN DOES #1-10,                                 :
                                                     :
                          Defendants.                :
                                                     :
-------------------------------------------------------------X

## NATURE OF THE ACTION

1.      Plaintiff alleges on behalf of himself and other similarly situated current and

former employees of the Defendant who elect to opt into this action pursuant to the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid wages from

Defendants Yankee Security Inc., Kit Peters and John Does #1-10 (together "Defendant") for

work which they did not receive overtime work for which they did not receive overtime

premium pay, as required by law, as well as improper deductions made from their wages and
(ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 *et seq.*

2.      Plaintiff further complains on behalf of himself, and a class of other similarly
situated current and former employees of the Defendant, pursuant to Fed.R.Civ.P. 23, that they
are entitled to back wages from Defendant for work for which they did not receive overtime
work for which they did not receive overtime premium pay as required by the New Jersey
Wage and Hour Act, N.J.S.A. 34:11-56a1, *et seq.* ("NJWHA"), as well as improper deductions
made from their wages in violation of said statues.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C.
§§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiff's state law claims
pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims
under the FLSA pursuant to 29 U.S.C. § 216(b).

4.      Venue is proper in this district pursuant to 28 U.S.C. §1391.

5.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C.
§§ 2201 and 2202.

## THE PARTIES

6.      Plaintiff, Daniel Felder was, at all relevant times, an adult individual, residing in
Jersey City, New Jersey.

7.    Upon information and belief, Defendant Yankee Security Inc. ("CORPORATE DEFENDANT") is a New York corporation with its principal place of business at 1428 Lexington Ave., New York, New York 10128.

8.    Upon information and belief, Defendant Kit Peters was the owner and president of the CORPORATE DEFENDANT, who participated in the day-to-day operations of the CORPORATE DEFENDANT and acted intentionally and maliciously and are "employers" pursuant to the FLSA, 20 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the NJWHA and the regulations thereunder and are jointly and severally liable with the CORPORATE DEFENDANT.

9.    Upon information and belief, John Does #1-10 represent the officers, directors and/or managing agents of the CORPORATE DEFENDANT, whose identities are unknown at this time and who participated in the day-to-day operations of the CORPORATE DEFENDANT and acted intentionally and maliciously and are "employers" pursuant to the FLSA, 20 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the NJWHA and the regulations thereunder and are jointly and severally liable with the CORPORATE DEFENDANT.

## COLLECTIVE ACTION ALLEGATIONS

10.    Pursuant to 29 U.S.C. §207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendant anywhere in the United States as security guards at any time since August 21, 2004 to the entry of judgment in this case (the "Collective Action Period"), who were classified by Defendants as exempt from the provisions of the FLSA, while at the same time, being assigned by

3

Defendants a primary duty that is inconsistent with exempt status . These non-exempt employees of the Defendants were not paid overtime compensation at rates not less than one and one-half times the regular rate of pay for hours worked in excess of forty hours per workweek and also had improper deductions from their wages (the "Collective Action Members").

11.    This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are at least 300 members of the Class during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

12.    Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interest that is contrary to or in conflict with those members of this collective action.

13.    A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

14.    Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have

4

acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

       a.  whether the Defendant employed the Collective Action members within the meaning of the FLSA;

       b.  whether Defendant's security guards were improperly and uniformly classified as exempt, in violation of the FLSA;

       c.  whether the Defendant failed to keep true and accurate time records for all hours worked by Plaintiff and the Collective Action Members;

       d.  what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

       e.  whether Defendant failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiffs are employed, in violation of 29 C.F.R. § 516.4;

       f.  whether Defendant failed to pay the Collective Action Members overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder by virtue of its uniform designation of claims analysts as exempt;

       g.  whether Defendant's violations of the FLSA are willful as that term is used within the context of the FLSA;

       h.  whether Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

lack the financial resources to vigorously prosecute a lawsuit in federal court against a
corporate defendant.

20.     The Defendant has acted or refused to act on grounds generally applicable to the
class, thereby making appropriate final injunctive relief or corresponding declaratory relief
with respect to the class as a whole.

21.     Plaintiff is committed to pursuing this action and has retained competent
counsel experienced in employment law and class action litigation.

22.     Plaintiff has the same interests in this matter as all other members of the class
and Plaintiff's claims are typical of the Class.

23.     There are questions of law and fact common to the Class which predominate
over any questions solely affecting the individual members of the Class, including but not
limited to:

> a. whether the Defendant employed the members of the Class within the
> meaning of the NJWHA;
>
> b. whether Defendant's security guards were improperly and uniformly
> classified as exempt, in violation of the NJWHA;
>
> c. whether the Defendant failed to keep true and accurate time records for all
> hours worked by Plaintiff and the Class;
>
> d. what proof of hours worked is sufficient where employers fail in their duty
> to maintain time records;
>
> e. whether Defendant failed and/or refused to pay the members of the Class
> premium pay for hours worked in excess of forty hours per workweek

7

has likewise employed other individuals, like the Plaintiff (the Collective Action Members/the Class) in positions that did not require the exercise of discretion and independent judgment.

30. Such individuals have worked in excess of forty hours a week or more, yet the Defendants have likewise willfully failed to pay them overtime compensation of one and one-half times their regular hourly rate and made improper deductions from their wages in violation of the FLSA and the NJWHA. As stated, the exact number of such individuals is presently unknown, but within the sole knowledge of the Defendant and can be ascertained through appropriate discovery.

31. During the course of Plaintiff's own employment, and while Defendant employed Plaintiff and the Collective Action Members/the Class, the Defendant failed to maintain accurate and sufficient time records.

32. Throughout all relevant time periods, upon information and belief, Defendant failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA.

## FIRST CLAIM FOR RELIEF:
## FAIR LABOR STANDARDS ACT

33. Plaintiff, on behalf of himself and all Collective Action Members, reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

34. At all relevant times, Defendant has been and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

9

35. At all relevant times, Defendant employed, and/or continues to employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

36. Upon information and belief, at all relevant times, Defendant has had annual gross revenues in excess of $500,000.

37. Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. §216(b). Plaintiff's written consent is attached hereto and incorporated by reference.

38. At all relevant times, the Defendant had a policy and practice of refusing to pay overtime compensation to its employees for their hours worked in excess of forty hours per workweek and made improper deductions from their wages.

39. As a result of the Defendant's willful failure to compensate its employees, including Plaintiff and the Collective Action members, for overtime compensation at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, and for improper deductions from their wages the Defendant has violated and continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

40. As a result of the Defendant's failure to record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action members, the Defendant have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

41. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

10

42.     Due to the Defendant's FLSA violations, Plaintiff, on behalf of himself and the
Collective Action members, are entitled to recover from the Defendant, their overtime
compensation and improper wage deductions, an additional amount equal as liquidated
damages, additional liquidated damages for unreasonably delayed payment of wages,
reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §
216(b).

## SECOND CLAIM FOR RELIEF:
## NEW JERSEY WAGE PAYMENT LAW

43.     Plaintiff, on behalf of himself and all Collective Action Members, reallege and
incorporate by reference all previous paragraphs as if they were set forth again herein.

44.     At all relevant times, Plaintiff and the members of the Class were employed by
the Defendant within the meaning of the NJWHA.

45.     Defendant willfully violated Plaintiff's rights and the rights of the members of
the Class, by failing to pay them overtime compensation at rates not less than one and one-half
times the regular rate of pay for each hour worked in excess of forty hours in a workweek and
for making improper deductions from their wages.

46.     The Defendant's NJWHA violations have caused Plaintiff and the members of
the Class, irreparable harm for which there is no adequate remedy at law.

47.     Due to the Defendant's NJWHA violations, Plaintiff and the members of the
Class are entitled to recover from Defendants their unpaid overtime compensation, and
improper deductions from wages, damages for unreasonably delayed payment of wages,
liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action.

## PRAYER FOR RELIEF

11

f.  An award of liquidated and/or punitive damages as a result of the Defendant's willful failure to pay overtime compensation and improper deductions from wages pursuant to 29 U.S.C. § 216;

g.  An award of liquidated damages as a result of the Defendant's willful failure to pay overtime compensation, and improper deduction from wages pursuant to NJWHA;

h.  An award of prejudgment and postjudgment interest;

i.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees;

j.  A tolling of the statute of limitations based on defendant's failure to post a conspicuous notice of employees' right to minimum wage and overtime under the FLSA and NJWHA; and

k.  Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

13

Dated: New York, New York
        August 21, 2007

By: _____

William c. Rand (WR 7685)

LAW OFFICE OF
WILLIAM COUDERT RAND
711 Third Ave., Suite 1505
New York, New York 10017
Telephone: (212) 286-1425
Facsimile: (212) 599- 7909

Jeffrey M. Gottlieb (JG 7905)
BERGER & GOTTLIEB
150 East 18th Street, Suite PHR
New York, New York 10003
Telephone (212) 228-9795

**ATTORNEYS FOR PLAINTIFF**